

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,547

**Ex parte JESSE CHADDOCK, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W04-01705-K(A) IN THE CRIMINAL DISTRICT COURT
## NO. 4 FROM DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion.**

The ramification of the position taken by the State and by the dissenting opinion would be

that the legislature could abrogate the double-jeopardy protection against successive prosecutions.

If taken to its logical conclusion, their view would permit the legislature to create a dozen murder

offenses with identical elements and allow a person to be successively prosecuted for each one. Or

the legislature could authorize successive prosecutions for any lesser-included offense of an earlier

charged offense. Even an acquittal in an earlier prosecution could be rendered meaningless, because

the legislature could define offenses as not the same in a way that would effectively abolish any rules

of claim or issue preclusion.

This view simply cannot be right. The Double Jeopardy Clause has been construed to reach

many situations, but at the core of its protections is the protection against successive prosecutions for the same offense. The government cannot be allowed to re-file its charges again and again simply because the earlier prosecution did not achieve the results the government desired. I do not believe that the protection against successive prosecutions can be abolished through legislative fiat.[1]

With these comments, I join the opinion that announces the judgment of the Court.

Filed: June 27, 2012
Publish

---

[1] And neither, I think, does Justice Scalia, who authored the portion of *Dixon*, 509 U.S. 688 (1993), upon which the State and the dissenting opinion rely. Justice Scalia's view is that the Double Jeopardy Clause does not contain a "multiple punishments" component, and that multiple-punishment issues should instead be considered under the Due Process Clause. *See Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, 802-03 (1994) (Scalia, J., dissenting) ("The difficulty of applying *Halper*'s analysis to Montana's Dangerous Drug Tax has prompted me to focus on the antecedent question whether there is a multiple-punishments component of the Double Jeopardy Clause. As indicated above, I have concluded . . . that there is not. Instead, the Due Process Clause keeps punishment within the bounds established by the legislature . . .[*Halper*] produces results too strange for judges to endure, and regularly demands judgments of the most problematic sort."). Under that view, *Missouri v. Hunter*, 459 U.S. 359 (1983), would be removed from the double-jeopardy discussion because it was a multiple-punishments case. And once it is out of the picture, along with its holding that legislatures may authorize multiple punishments for offenses that are the same under *Blockburger*, all that is left is *Blockburger* as the sole criterion for ascertaining a double-jeopardy violation. *See Kurth Ranch*, 511 U.S. at 800 (Scalia, J., dissenting). We should not read too much into the cited statement in *Dixon*.